## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

TOMMY STARKEY                                                                                       PLAINTIFF
ADC #88300

V.                                            NO: 2:08CV00145 JLH/HDY

GREG HARMON *et al.*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on July 24, 2008, alleging that he is being denied adequate medical care. Defendants Greg Harmon and Polly M. James are ADC employees, and filed a motion to dismiss, or in the alternative, a motion for summary judgment on September 29, 2008, along with a brief in support (docket entries #21 & #22), alleging that Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit. Defendants Teresa Kundert and Charlotte Green are employed by the ADC's medical provider, and filed a motion to dismiss, or in the alternative, for summary judgment on October 2, 2008 (docket entry #27), which adopted the ADC Defendants' motion with respect to their claims regarding Plaintiff's lack of exhaustion.[1] Plaintiff has filed a response (docket entry #31).

---

[1] On October 16, 2008, the Court entered an order advising the parties that it would consider both motions as motions for summary judgment, and giving them additional time to submit any pertinent information (docket entry #29).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he was prescribed a diabetic medication by a private doctor, and was to receive the medication three times per day. However, Plaintiff asserts in his complaint that he is only receiving it one time per day in prison, and is also not receiving "several" other medications.

The Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The ADC Defendants have submitted with their motion an affidavit from

Charlotte Gardner, the medical grievance investigator (docket entry #22, exhibit D). According to Gardner, Plaintiff filed two grievances related to medical issues, but has not exhausted his appeals against any party in this lawsuit. Plaintiff has offered no evidence in his response that he fully exhausted any grievance regarding the claims in his complaint before he filed this lawsuit, and the evidence in the record clearly indicates that he has not. On July 15, 2008, Plaintiff filed a grievance, EA-08-00915, regarding his diabetic medication being received only one time per day, and certain other medications not being received (docket entry #22, exhibit A).[2] As Plaintiff set forth in his complaint, James acknowledged the grievance on July 16, 2008, and wrote that Plaintiff would receive a communication regarding the grievance by August 13, 2008 (docket entry #22, exhibit B). On August 14, 2008, Plaintiff received a "unit level" response indicating that Plaintiff's diabetic medication had been increased to three times daily on July 24, 2008, and that the doctor planned to see Plaintiff again in about four weeks (docket entry #22, exhibit F).[3] Thus, Plaintiff did not receive a unit level response to his grievance until roughly three weeks after he filed this lawsuit. No material facts remain in dispute, and it is clear that Plaintiff did not fully exhaust his grievance regarding his medications before he filed his complaint. Accordingly, Plaintiff's complaint must be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' motions for summary judgment (docket entries #21 & #27) be

---

[2] Gardner's affidavit indicates that the grievance was initiated on July 15, 2008, but the grievance itself indicates that it was signed for on July 9, 2008, and that it was received in the office on July 16, 2008. However, the exact date the grievance was first filed or received is not critical.

[3] The other grievance related to a CPAP mask which is not the subject of this lawsuit. However, Plaintiff received a unit level response to that grievance on August 14, 2008, as well (docket entry #22, exhibit L).

4

GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

    2.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __29__ day of October, 2008.

                                          UNITED STATES MAGISTRATE JUDGE